IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WILLIAM BLAIR,

          Petitioner,    :    Case No. 1:16-cv-940

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
  Southeastern Correctional Institution,

                                   :

          Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case under 28 U.S.C. § 2254 brought pro se by Petitioner William Blair to obtain relief from his convictions in the Butler County Common Pleas Court (Petition, ECF No. 3). On Order of Magistrate Judge Karen Litkovitz (ECF No. 2), the Respondent has filed the State Court Record (ECF No. 7) and a Return of Writ (ECF No. 8). Petitioner then filed a Reply (ECF No. 9), rendering the case ripe for decision.

The Magistrate Judge reference of the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division.

**Procedural History**

On July 24, 2013, the Butler County grand jury indicted Mr. Blair on one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(2); two counts

of assault in violation of Ohio Revised Code § 2903.13(A), one a fourth-degree felony pursuant to Ohio Revised Code § 2903.13(C)(5), the other a fifth degree felony pursuant to Ohio Revised Code § 2903.13(C)(4)(a); one count of obstructing official business in violation of Ohio Revised Code § 2921.31(A); one count of aggravated menacing in violation of Ohio Revised Code § 2903.21(A); and one count of resisting arrest in violation of Ohio Revised Code § 2921.33(A). The charges arose from events occurring on January 29, 2013, at the Middletown, Ohio, apartment of Sara Rossi, Blair's girlfriend and the mother of his infant son, and thereafter at the Middletown jail.

Blair having waived a jury, his case was tried to the bench for two days. He was found guilty on all charges and sentenced to thirty-six months for having a weapon under disability, eighteen months for assault on Detective Hoover, and twelve months for assault on Officer Gibson, all to be served consecutively.

Blair promptly appealed with new counsel to the Twelfth District Court of Appeals, asserting that the trial court committed error in sentencing him separately for allied offenses, that his conviction for having a weapon while under disability was both unsupported by sufficient evidence and against the manifest weight of the evidence, and that the trial court violated his statutory and constitutional rights by imposing consecutive sentences without making the findings required by Ohio Revised Code § 2929.14(C)(4). The Twelfth District affirmed the convictions and sentence. *State v. Blair*, No. CA2014-01-023, 2015-Ohio-818, 2015 Ohio App. LEXIS 792 (12th Dist. Mar. 9, 2015), further appellate review declined, 143 Ohio St. 3d 1479 (2015).

Mr. Blair filed his Petition in this Court September 20, 2016, pleading the following

grounds for relief:

> **Ground One:** The court committed error in separately sentencing allied offenses of similar import instead of merging them.
>
> **Ground Two:** Appellant's conviction for having weapons under disability was not supported by sufficient evidence as required by due process in violation of U.S. Constitution Amendment XIV and Crim. R. 30. Specifically, the trial court allowed the state to introduced [sic] a judgment adjudicating the petitioner as juvenile delinquent in violation of Ohio Crim. R. 11 and Ohio Evid. R. 410 wherein both specifically prohibits [sic] the use of a no contest plea in any subsequent criminal or civil proceedings.
>
> **Ground Three:** Appellant's conviction for having weapon under disability was against the manifest weight of the evidence. Without the use of said no contest plea, there would be no sufficient weight of evidence to support said conviction of weapons while under a disability.
>
> **Ground Four:** The trial court imposed consecutive sentences without making the required findings under R.C. 2929.14(C)(4) and this violated Mr. Blair's statutory and constitutional rights to a sentence consistent with applicable law.

(Petition, ECF No. 3, PageID 19-20.)

# Analysis

**Ground One: Failure to Merge Allied Offenses of Similar Import**

Ohio Revised Code § 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In his direct appeal, Blair claimed that his assaults on Detective Hoover and Officer Gibson were allied offenses of similar import which should have been merged after trial. The Twelfth District Court of Appeals explained that Ohio Revised Code § 2941.25 does not require merger of two counts of conviction, even if the offenses are ones of similar import, when there are separate victims. *State v. Blair, supra,* at ¶¶ 33-35.

A federal habeas court does not sit as a court of appeals to reconsider decision on questions of state law decided by the state courts. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Because Ground One claims only a violation of Ohio law, it does not state a claim for relief cognizable in habeas corpus.

**Ground Two: Insufficiency of the Evidence for Conviction of Having a Weapon Under Disability**

In his Second Ground for Relief, Mr. Blair claims his conviction for having a weapon under disability was not supported by sufficient evidence. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized by the Ohio Supreme Court in *State v. Jenks*, 61 Ohio St. 3d 259 (1991).

Blair's Petition and Reply do not ask this Court to look at all the evidence on the weapon under disability count, but only the admission of his juvenile no contest plea and the resulting conviction.

Ohio Revised Code § 2923.13 is entitled "Having weapons while under disability" and at the time of Mr. Blair's trial, provided in relevant part:

> (A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> . . .
>
> (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

Thus the State was obliged to prove that Mr. Blair had been adjudicated a delinquent child for commission of an offense which would have been a felony if he had been an adult at the time.

Respondent asserts this claim is procedurally defaulted because it was not fairly presented to the Twelfth District on direct appeal. As Respondent claims, the sufficiency of the evidence claim raised on direct appeal was entirely concerned with whether there was enough evidence to support a finding that Mr. Blair constructively possessed the weapon in question. That was the issue the Twelfth District considered and decided adversely to Mr. Blair's position. *State v. Blair, supra,* at ¶¶ 36-48. Ohio law provides one direct appeal of right.

An issue that could have been raised on direct appeal but was not is barred from later presentation to the Ohio courts by the doctrine of res judicata as it applies to criminal cases. *State v. Perry,* 10 Ohio St. 2d 175 (1967). If Mr. Blair attempted now to present this claim to the Ohio courts, he would be barred by the *Perry* decision. The Sixth Circuit Court of Appeals has repeatedly held that the *Perry* doctrine is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v.*

*Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Faced with this procedural default defense, Mr. Blair attempts to excuse the default by claiming that a failure to consider this claim would be a miscarriage justice (Reply, ECF No. 9, PageID 637-39). He supports this claim with his own Affidavit of March 2, 2017. *Id.* at PageID 639-43).

The miscarriage of justice exception to procedural default requires the presentation of new evidence of actual innocence of the crime which was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 319 (1995). Blair's Affidavit is not evidence of actual innocence of the sort required by *Schlup*, that being "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup*, 513 U.S. at 324." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(parallel citation omitted). In fact the Supreme Court has made it clear that the actual innocence exception requires proof of factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

What Mr. Blair is claiming is not factual innocence – he does not deny that he in fact had a juvenile delinquency adjudication for an offense which, if committed by an adult, would have been a felony offense of violence. Instead, he claims the State proved that essential fact by using evidence which is precluded by Ohio law, to wit, Ohio R. Crim. P. 11 and Ohio R. Evid. 410. Whether or not the State proved the juvenile adjudication by means which are precluded, these parts of Ohio law is not a question this Court can reach. Violations of state evidence law rarely rise to the level of constitutional violations. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). In this particular instance, there is no United States Supreme Court decision holding that a State cannot use a no contest plea to prove a

prior conviction or juvenile delinquency adjudication.

Because Mr. Blair has procedurally defaulted his particular sufficiency of the evidence claim and has not shown cause and prejudice to excuse that default, his second ground for relief must be dismissed.

**Ground Three: Manifest Weight of the Evidence**

In his Third Ground for Relief, Mr. Blair claims his conviction for having weapons under a disability is against the manifest weight of the evidence presented at trial.

Although a claim of insufficient evidence, such as Ground Two, is cognizable in habeas corpus, a claim that a conviction is against the manifest weight of the evidence does not state a claim cognizable in federal habeas. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). While a sufficiency of the evidence claim asks the habeas court to decide if any rational juror could have convicted the petitioner on the evidence presented, a manifest weight claim asks an Ohio appellate court to sit as a "thirteenth" juror and re-weigh the evidence. A reversal for insufficient evidence, whether by a state appellate court or by federal court, prevents a retrial under the Double Jeopardy Clause. However, a reversal of a conviction as against the manifest weight of the evidence leaves the State free to re-try a defendant.

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997), the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.
> Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
> In addition, a conviction based on legally insufficient evidence

> constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387.

Because Mr. Blair's Third Ground does not state a claim cognizable in habeas corpus, it must be dismissed.

**Ground Four: Improperly Grounded Consecutive Sentences**

In his Fourth Ground for Relief, Mr. Blair asserts that the trial court imposed consecutive

sentences on him without making the findings required by Ohio Revised Code § 2929.14(C)(4). Blair raised this claim on direct appeal and the Twelfth District determined that the trial court had fully complied with Ohio Revised Code § 2929.14(C)(4). *State v. Blair, supra*, ¶¶ 51-55. Imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state had sovereign authority to administer its penal system. *Oregon v. Ice*, 555 U.S. 160, 170 (2009).

Because the question of whether the trial court complied with Ohio Revised Code § 2929.14(C)(4) in imposing consecutive sentences is purely one of state law, it is not cognizable in federal habeas corpus. Mr. Blair's Fourth Ground for Relief must therefore be dismissed.

**Conclusion**

Grounds One, Three, and Four in the Petition fail to state a claim cognizable in federal habeas corpus. Ground Two is procedurally defaulted by Blair's failure to raise it in any state court and the fact that any attempt to raise it now would be barred by *res judicata*. It is therefore respectfully recommended that the Petition be dismissed. Because reasonable jurists would not disagree with this conclusion, the Court should also deny any requested certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous and

should not be permitted to proceed *in forma pauperis*.

December 11, 2017.

s/ *Michael R. Merz*
Michael R. Merz
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).